UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| MICHAEL NACHMAN, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., TESLA LEASE TRUST, and TESLA FINANCE LLC,<br><br>Defendants. | Case No. 2:22-cv-05976-RPK-ST |

**Plaintiff's Reply in Support of Motion for Leave to File Amended Class Action Complaint**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I. The Proposed Amendment Cures the Court-Identified Deficiency .................................... 2

    A. The Proposed Amended Complaint Cures the Statute of Limitations Issue Because It Newly Alleges Nachman Purchased an ADAS Upgrade on May 3, 2022, at a Price That Was Inflated due to Tesla's Repeated Misrepresentations ................................................................................................ 2

    B. The Allegations Regarding the Infotainment Upgrade Are Relevant, and the Court Should Disregard Tesla's Improper Factual Assertions ......................... 8

II. The Proposed Amended Complaint States a Claim ............................................................ 9

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Breitman v. Xerox Educ. Services LLC*, No. 12-cv-06583-PAC,
  2013 WL 5420532 (S.D.N.Y. Sept. 27, 2013) ................................................................. 4, 5

*Gaidon v. Guardian Life Ins. Co. of Am.*,
  750 N.E.2d 1078 (N.Y. 2001) ................................................................................................. 4

*Gristede's Foods, Inc. v. Unkechauge Nation*,
  532 F. Supp. 2d 439 (E.D.N.Y. 2007) ................................................................................. 5, 8

*Harvey v. Metro. Life Ins.*,
  827 N.Y.S.2d 6 (2006) ............................................................................................................ 5

*Harvey v. Metro. Life Ins.*,
  21 Misc. 3d 1142(A), 2005 WL 6227851 (N.Y. Sup. Ct. 2005) ......................................... 3, 4

*Koch v. Acker, Merrall & Condit Co.*,
  18 N.Y.3d 940, 967 N.E.2d 675 (2012) ................................................................................ 10

*Murphy v. Commonwealth Land Title Ins.*,
  621 F. Supp. 3d 373 (E.D.N.Y. 2022) .................................................................................... 4

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
  681 F.3d 114 (2d Cir. 2012) ................................................................................................... 9

*Plavin v. Grp. Health Inc.*, No. 3:17-cv-01462,
  2023 WL 6200804 (M.D. Pa. Sept. 22, 2023) ........................................................................ 8

*Rodriguez v. It's Just Lunch, Int'l*,
  300 F.R.D. 125 (S.D.N.Y. 2014) .......................................................................................... 10

*Stanley v. Direct Energy Servs., LLC*,
  466 F. Supp. 3d 415 (S.D.N.Y. 2020) ..................................................................................... 4

*Stutman v. Chem. Bank*,
  731 N.E.2d 608 (N.Y. 2000) ................................................................................................. 10

**STATUTES**

N.Y. Gen. Bus. Law § 349 ............................................................................................... passim

N.Y. Gen. Bus. Law § 350 ............................................................................................... passim

Plaintiff Michael Nachman ("Plaintiff" or "Nachman") respectfully submits this reply in support of his Motion for Leave to File Amended Class Action Complaint. The Court should grant Plaintiff's motion, allow him to file the proposed Amended Class Action Complaint, Ex. 1, Decl. Moore Supp. Pl.'s Mot. Leave File Am. Compl., ECF No. 26-2 ("Amended Complaint" or "Am. Compl."), and reject the arguments set forth in the opposition brief filed by Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla"). *See* Def.'s Opp'n Pl.'s Mot. Leave File Am. Compl., ECF No. 27 ("Opp'n").

**INTRODUCTION**

As Nachman set out in his opening brief, his proposed Amended Complaint alleges a new injury: Nachman's payment to Tesla on May 3, 2022, of an additional $1,500 for a software upgrade for the advanced driver assistance system ("ADAS") on his Tesla Model S. That new May 2022 injury falls within the three-year limitations period of New York General Business Law ("GBL") sections 349 and 350 and was caused by wrongful deceptive acts Tesla committed prior to May 2022. Thus, the Amended Complaint alleges a new claim accrued within the three years prior to the filing of the original complaint. The Amended Complaint, therefore, cures the problem that led the Court to dismiss Nachman's original pleading, amendment is not futile, and Nachman's motion for leave to file an Amended Complaint should be granted.

Tesla's salvos against the motion challenge and contradict Nachman's factual assertions in an attempt to discredit and obscure the timely new injury the Amended Complaint alleges. Tesla's factual challenges are improper on a motion for leave to amend and should be rejected. With respect to whether the Amended Complaint cures the statute of limitations issue the Court identified, first, Tesla ignores that Nachman has pled a new injury within the limitations period, treating the case as if it were only about Nachman's 2016 purchase of a Model S and Tesla's clams

1

that predated it. The Amended Complaint alleges a new, timely injury, however, in the form of his purchase of an ADAS upgrade in May 2022 at a price that was inflated due to Tesla's repeated misrepresentations about ADAS. Second, Tesla asserts the upgrade Nachman purchased had nothing to do with the ADAS/Full Self-Driving ("FSD") capabilities of the vehicle. While the upgrade was named an "Infotainment Upgrade" and did include infotainment components, the Amended Complaint plausibly alleges it also included a "Driver Assistance" component that was supposed to improve the ADAS/FSD functionality of the vehicle by enhancing the vehicle's ability to "visualize" its surroundings, i.e., to detect, process, and react to them. It is at least plausible that a "Driver Assistance" upgrade that enhances the ability of a vehicle to "visualize" its surroundings while driving is one that affects the vehicle's ability to drive on its own.

Tesla's contentions regarding whether the Amended Complaint states a claim suffer from the same flaws. First, Tesla again ignores the new injury Nachman alleges occurred on May 3, 2022. Second, Tesla again attempts to challenge and contradict facts Nachman has alleged regarding the effect of the May 2022 upgrade on the ADAS. The Court should accept the facts in the Amended Complaint as true, draw all reasonable inferences regarding them in Nachman's favor, and reject Tesla's assertions. Tesla's arguments regarding futility are without merit, and the Court should grant Nachman's motion and allow him to file the Amended Complaint.

## ARGUMENT

### I. The Proposed Amendment Cures the Court-Identified Deficiency

**A.    The Proposed Amended Complaint Cures the Statute of Limitations Issue Because It Newly Alleges Nachman Purchased an ADAS Upgrade on May 3, 2022, at a Price That Was Inflated due to Tesla's Repeated Misrepresentations**

Nachman's proposed Amended Complaint newly alleges he paid $1,500 for an ADAS-related upgrade to his Tesla Model S on May 3, 2022. Am. Compl. ¶¶ 108-09. As discussed in the

opening brief, Plaintiff's new allegations cure the statute of limitations issue the Court identified in its order dismissing the original complaint by alleging a new claim accrued within the three-year limitations period of GBL sections 349 and 350.

Tesla argues Nachman's new allegations do not cure the timeliness issue because accrual in GBL section 349 and 350 claims occurs when a plaintiff first suffers injury, and here, Nachman first suffered injury, and all of the factual circumstances necessary to establish a right of action had occurred, in December 2016. Opp'n 5-7. Tesla further contends "[n]othing in the proposed Amended Complaint changes the date of accrual because [Nachman's] 'theory of injury under Sections 349 and 350' continues to be 'that he was injured because he paid a premium price that he would not have paid but for the defendants' deceptive marketing.'" *Id.* at 6.

These arguments are wrong because a new claim accrued when Nachman made a new purchase on May 3, 2022, and suffered injury that was caused by wrongful misrepresentations Tesla made and repeated throughout the period from 2014 to May 3, 2022.[1] The statute of limitations began running anew when Nachman's new claim accrued.

The representations stretching back to 2014 are at issue through the "continuing violation" doctrine, under which "a series of continuing wrongs[] effectively toll[s] the limitations period until the date of the commission of the last wrongful act." *Harvey v. Metro. Life Ins.*, 21 Misc. 3d 1142(A), 2005 WL 6227851, at *3 (N.Y. Sup. Ct. 2005), *aff'd*, 827 N.Y.S.2d 6 (App. Div. 2006); *accord Murphy v. Commonwealth Land Title Ins.*, 621 F. Supp. 3d 373, 377-78 (E.D.N.Y. 2022);

---

[1] *See, e.g.*, Am. Compl. ¶ 32 (in 2014, Tesla misleadingly named a driver assistance feature "Autopilot"); *id.* at ¶ 37 (Tesla CEO Elon Musk misleadingly claimed on a January 2016 Tesla conference call that Autopilot was "probably better" than a human driver and that Tesla owners would be able to use Tesla's "Summon" feature to summon a vehicle from the other side of the country within approximately two years); *id.* at ¶ 41 (Musk misleadingly claimed on June 2, 2016, that autonomous driving was "basically a solved problem," that Autopilot was already safer than a human driver on highways, and that Tesla was "basically less than two years away from complete autonomy"); *id.* at ¶ 57 (Musk misleadingly claimed at an April 2019 event that Tesla vehicles would be capable of full self-driving by the end of 2019, that in two years Tesla would be making cars without steering wheels or pedals, and that "for sure" by 2020 Tesla would have "over a million robo-taxis on the road").

3

*Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 432 (S.D.N.Y. 2020) ("Where a [NYGBL] § 349 claim is based on a series of allegedly deceptive acts, . . . the 'continuing violations doctrine' applies and 'effectively tolls the limitations period until the date of the commission of the last wrongful act.'" (quoting *Breitman v. Xerox Educ. Services LLC*, No. 12-cv-06583-PAC, 2013 WL 5420532, at *4 (S.D.N.Y. Sept. 27, 2013))).

The case of *Harvey v. Metropolitan Life Ins.* is instructive. In *Harvey*, the plaintiff sued his insurance carrier to recover premiums it had charged for a "Child Rider" associated with an insurance policy the plaintiff had purchased, which insured the plaintiff's children until they were 25. *Harvey*, 2005 WL 6227851, at *1. He alleged the defendant wrongly continued to charge the premiums after his children had turned 25, even though the defendant knew the children were over 25 and the Child Rider therefore was no longer operative. *Id.* The children turned 25 in 1998 and 1999, but the defendant had continued to charge the premium until 2003. *Id.* The plaintiff commenced a suit alleging a GBL section 349 claim in 2004. *Id.*

The defendant sought dismissal on the ground that the plaintiff's claim was untimely because the claim first accrued in 2000 when the defendant first improperly charged the plaintiff after the Child Rider was inoperative. *Harvey*, 2005 WL 6227851, at *3. According to the defendant, GBL section 349's three-year statute of limitations had therefore run in 2003, before commencement of the suit in 2004. *Id.* The plaintiff countered that under *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078 (N.Y. 2001), "the 'operative allegations' of a violation of GBL § 349 must be considered in determining the accrual date for a cause of action." *Harvey*, 2005 WL 6227851, at *3. The plaintiff argued the "defendant's deceptive behavior occurred each month that [the defendant] deducted money . . . for coverage that was not being provided, and that the limitations period accrued anew with each improper deduction." *Id.* The court agreed, holding that

4

the plaintiff alleged a wrongful act within GBL section 349's limitations period "by alleging that each deduction . . . after the youngest child turned 25, constituted an unlawful act." *Id.*

The Appellate Division of the New York Supreme Court affirmed. As the Appellate Division explained:

> Defendant contends the lawsuit is untimely because plaintiff's youngest child turned 25 in 1999, four years prior to commencement of this suit. However, plaintiff claims to have continued to pay premiums for this Child Rider into 2003, by which time the rider was no longer providing coverage for his children. What is alleged is a "continuing wrong," which—for purposes of our statute of limitations—is "deemed to have accrued on the date of the last wrongful act." Accordingly, the commencement of this action in 2004 was timely.

*Harvey v. Metro. Life Ins.*, 827 N.Y.S.2d 6, 6-7 (2006) (citations omitted).

Here, the Amended Complaint alleges Tesla engaged in numerous acts of deception over time, which caused a new injury in May 2022. Like in *Harvey*, the Amended Complaint alleges a series of continuing wrongs, namely, Tesla's ongoing and repeated deceptive statements about the capabilities of its ADAS and FSD technology, including the most recent alleged wrongful deception in January 2022, when Tesla CEO Elon Musk stated on an earnings call:

> My personal guess is that we'll achieve Full Self-Driving this year. I would be shocked if we do not achieve Full Self-Driving safer than a human this year. I would be shocked.

Am. Compl. ¶ 84. Under the continuing violation doctrine, the claims—stretching back to 2014—are tolled and are timely. *Breitman*, 2013 WL 5420532, at *4; *Harvey*, 827 N.Y.S.2d at 6-7.

At minimum, the representations Tesla made post-October 5, 2019, are not time-barred, as each one represents a separate and independently actionable deception. The case of *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439 (E.D.N.Y. 2007), is on point. In *Gristede's*, the plaintiff alleged the defendants had "engaged in the unauthorized sale of untaxed cigarettes to non-tribe members through smoke shops, over the internet, and through telemarketing and print

ads, and that the defendants [had] 'created, fostered and nourished a thriving black market in illegally discounted cigarette sales.'" *Gristede's Foods, Inc.*, 532 F. Supp. 2d at 442. The defendants sought dismissal of the plaintiff's GBL section 349 and 350 claims, arguing they were untimely because "the claim accrues only once (as of the date of the initial injury) and does not continue to accrue upon each subsequent violation." *Id.* at 453. The court rejected the argument because the "plaintiff has alleged more than one act of deception and false advertisement under sections 349 and 350," and "[i]nsofar as each deceptive act or false advertisement, subsequent to the first, may convey misinformation to additional consumers and inflict new injuries, it is not clear to the Court that plaintiff's claims under Sections 349 and 350 are time barred in their entirety." *Id.* Thus, the court declined to dismiss claims based upon conduct that took place within the three years prior to the filing of the complaint. *Id.* So, too, in Nachman's case.

Tesla points out that the Amended Complaint continues to include allegations regarding conduct that took place prior to October 5, 2019, such as Nachman's purchase of a Model S in 2016 based on representations on Tesla's website. *See* Opp'n 6. But many of Tesla's misrepresentations are repeated, such as the names "Autopilot," "Enhanced Autopilot," and "Full Self-Driving." And Nachman's claims are not solely premised on statements Tesla made prior to Nachman's purchase in 2016. Instead, as stated above, the Amended Complaint chronicles numerous misrepresentations that Tesla, including specifically Tesla's CEO Elon Musk, made regarding the ADAS and FSD capabilities of Tesla vehicles throughout the period between 2014 and 2022. *See, e.g.*, *supra* note 1. Critically, these alleged misrepresentations include numerous wrongful, deceptive statements that Tesla made regarding ADAS and FSD within the three years preceding the filing of this action. Am. Compl. ¶¶ 68, 70, 76, 84. At minimum, the recent wrongful, deceptive statements that occurred between October 5, 2019, and May 3, 2022, form the basis for

the accrual of a new claim by Nachman against Tesla at the time he purchased the upgrade on May 3, 2022, at a premium price that was inflated because of them. *See id.* at ¶¶ 108, 124, 131.

Specifically, the recent wrongful acts include the following. During December 2020, "Elon Musk gave an interview to Business Insider in which he promised that Tesla would achieve [SAE] Level 5 before the end of the following year, stating 'I'm extremely confident that Tesla will have level five next year, extremely confident, 100%.'" Am. Compl. ¶ 68; *see also id.* at ¶¶ 22-25 (SAE Level 5 is full automation). Furthermore, "[i]n a January 2021 earnings call, Musk stated that the company had made 'massive progress on Full Self-Driving,' and that it 'will become obvious later this year' that 'Tesla Autopilot is capable of full self-driving.'" *Id.* at ¶ 70. On the same earnings call, "Musk also stated, 'I'm highly confident the car will drive itself for the reliability in excess of a human this year'" and that "[t]his is a very big deal." *Id.* And "[w]hen a financial analyst asked Musk why he was confident Tesla would achieve SAE Level 5 autonomy in 2021, Musk responded, 'I'm confident based on my understanding of the technical roadmap and the progress that we're making between each beta iteration.'" *Id.* Further, "[o]n July 26, 2021, on a quarterly earnings call, Musk told investors and reporters that he was confident FSD-equipped Tesla vehicles would soon 'be able to drive themselves with the safety levels substantially greater than that of the average person.'" *Id.* at ¶ 76. Finally, as set out above, in January 2022, Musk stated he "would be shocked if we do not achieve Full Self-Driving safer than a human this year." *Id.* at ¶ 84. All of the above statements are deceptive because they suggest FSD is right around the corner, but to this day, Tesla vehicles, including Nachman's Model S, are not self-driving. They are miles away from being *fully* self-driving. They have not even attained SAE Level 3, which is the minimum level required to claim a vehicle is capable of "automated driving." *Id.* at ¶ 24.

The foregoing misrepresentations regarding ADAS, and specifically FSD, which Tesla

7

made during the period from October 5, 2019, to May 3, 2022, caused the price of the Infotainment Upgrade to be elevated in May 2022 relative to what it otherwise would have been. *See* Am. Compl. ¶¶ 124, 131. Nachman therefore suffered injury actionable under GBL sections 349 and 350 based on wrongful acts that Tesla committed within the limitations period when Nachman purchased the Infotainment Upgrade on May 3, 2022, at that elevated price. Consequently, a new claim accrued when Nachman purchased the ADAS-related upgrade in May 2022. *See Gristede's*, 532 F. Supp. 2d at 453; *see also Plavin v. Grp. Health Inc.*, No. 3:17-cv-01462, 2023 WL 6200804, at *9 (M.D. Pa. Sept. 22, 2023) ("[T]he recurring publication of the allegedly misleading materials is not properly considered a single act. . . . Notwithstanding the identical content, in an abundance of caution, the Court considers the annual or bi-annual publication of the materials as distinct unlawful acts, rather than a single unlawful act."). Nachman's claims are timely.

**B.  The Allegations Regarding the Infotainment Upgrade Are Relevant, and the Court Should Disregard Tesla's Improper Factual Assertions**

Nachman alleges Tesla stated the upgrade he purchased on May 3, 2022, "enhance[d] both the entertainment and functionality of [his] car" and that one of the upgraded functionalities was "Driver Assistance," with the specific improvement of "Enhanced Driving Visualization for owners with the Full Self-Driving Capability Computer." Am. Compl. ¶ 109.

Nevertheless, Tesla improperly attempts to contradict these alleged facts by claiming in its opposition brief that "the upgrade has no bearing on the *performance* of Tesla vehicles' ADAS capabilities" and that Tesla "merely promise[d] improvements to the driving visualization and [said] nothing about any impact on the ADAS capabilities of the vehicle about which [Nachman] complains." Opp'n 9; *see also id.* at 1, 3, 4, 10 (calling the upgrade a "touchscreen upgrade").

The Court should reject Tesla's argument because it improperly contradicts the facts

alleged in the pleading, which must be accepted as true at this stage.[2] *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Tesla itself categorized part of the upgrade as an upgrade to "Driver Assistance" (i.e., the ADAS). Am. Compl. ¶ 109. And as discussed above, it is at least plausible that an ADAS upgrade that enhances the ability of the FSD computer to visualize its surroundings thereby affects the ability of the FSD computer to detect and react to them as it attempts to drive the car. If the "Driver Assistance" upgrade only improved the touchscreen, as Tesla's attorneys[3] contend in the opposition brief, then why was it only available for FSD computer owners, as opposed to all owners who had touchscreens? The Court should accept the Amended Complaint's allegation that the upgrade affected ADAS as true.

## II. The Proposed Amended Complaint States a Claim

Tesla also contends Nachman's GBL claims are implausible and amendment is therefore futile because (i) many of Tesla's alleged misstatements post-date Nachman's 2016 purchase of a Model S and (ii) the May 2022 Infotainment Upgrade "has nothing to do with Tesla vehicles' ADAS capabilities." Opp'n 10-13. Both of these arguments are wrong.

*First*, Tesla's argument that many misrepresentations occurred after Nachman's 2016 purchase ignores that Nachman now alleges he suffered a new injury in May 2022 that was caused by post-2016 statements, as detailed above. *See supra* § I.A.

To the extent that Tesla contends Nachman must have seen the statements at issue to state a claim, *see* Opp'n 11, Tesla improperly conflates causation with reliance. Reliance is not a requirement of GBL sections 349 and 350. *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940,

---

[2] Tesla's argument also contradicts the language of the webpage it submitted, which, like the Amended Complaint, states that one of the categories that the upgrade affects is "Driver Assistance," and that the upgrade provides, in part, "Enhanced Driving Visualization for owners with Full Self-Driving Capability Computer." Ex. A, Decl. Schoenfeld Supp. Defs.' Opp'n Pl.'s Mot. Leave File Am. Compl., at 4 of 6, ECF No. 28-1.
[3] *Jamaica Ash & Rubbish Removal Co. v. Ferguson*, 85 F. Supp. 2d 174, 182 (E.D.N.Y. 2000) ("[A]n attorney's statement or argument is not evidence."); *Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 201 (E.D.N.Y. 2013) (same).

941, 967 N.E.2d 675 (2012) ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law §§ 349 and 350 claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim."). Indeed, the Court of Appeals of New York "has cautioned courts against conflating 'reliance' and 'causation' with regard to section 349 claims." *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 147 (S.D.N.Y. 2014) (citing *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612-13 (N.Y. 2000)). "To 'satisf[y] the causation requirement,' '[n]othing more is required' than that a plaintiff suffer a loss 'because of defendant['s] deceptive act.'" *Id.* Here, Nachman alleges the May 2022 upgrade's price was inflated because of Tesla's public misrepresentations and that he suffered price premium damages as a result. Am. Compl. ¶¶ 68, 70, 76, 84, 108-09, 124, 131. Nothing more is required. *Stutman*, 731 N.E.2d at 612-13.

Tesla also points to the purported "disclaimer" that "Self-Driving functionality is dependent upon extensive software validation and regulatory approval," and "[i]t is not possible to know exactly when each element of the functionality described above will be available, as this is highly dependent on local regulatory approval." Opp'n 12. But, rather than act as a "disclaimer" as Tesla claims, these statements set the "unreasonable expectations" that functional ADAS and FSD were just around the bend.

*Second*, the Court should reject Tesla's reiteration of its argument that the May 2022 upgrade did not affect ADAS or FSD, Opp'n 12-13, for the reasons above. *See supra* § I.B.

## CONCLUSION

For the reasons given above and in Plaintiff's opening brief, the Court should grant Plaintiff's Motion for Leave to File Amended Class Action Complaint and allow him to file the proposed Amended Complaint within two days of the order granting the motion.

Date: December 18, 2023	Respectfully submitted,

                **REESE LLP**

By: */s/ George V. Granade*
George V. Granade
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Email: *ggranade@reesellp.com*

**REESE LLP**
Charles D. Moore
121 North Washington Ave., 4th Floor
Minneapolis, Minnesota 55401
Telephone: (212) 643-0500
Email: *cmoore@reesellp.com*

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*

*Attorneys for Plaintiff and the Proposed Class*