UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL NACHMAN, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., TESLA LEASE TRUST, and TESLA FINANCE LLC,<br><br>Defendants. | Case No. 2:22-cv-5976-RPK-ST |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC ("Tesla") submit this brief response to Plaintiff's "Notice of Supplemental Authority." ECF No. 31. The Court should disregard Plaintiff Michael Nachman's submission for two reasons.

*First*, the Court should ignore Nachman's filing because it is procedurally improper. Although styled as a "Notice of Supplemental Authority" in support of his Motion for Leave to File Amended Class Action Complaint, *id.* at 1, the filing contains no supplemental authority at all. This Court permits "[n]otices of supplemental authority regarding decisions issued after the completion of briefing." *See* Individual Practice Rules of Rachel P. Kovner § IV.C.3. But the filing does not notify the Court of any decision. Instead, it attaches a recently issued report that (Nachman contends) supports some of the factual allegations in his Complaint. Nachman does not suggest that the report supports any of the legal issues before the Court (nor could he). Stripped of Plaintiff's description, the filing is little more than a belated sur-reply intended to cover up the

motion's obvious weaknesses. Because this Court "require[s] prior authorization" for sur-replies, *id.* § IV.C.4, the Court should ignore Nachman's filing and not permit him to circumvent its rules.

*Second*, the alleged supplement is irrelevant to the issues before the Court. Last year, this Court dismissed Nachman's claims under Sections 349 and 350 of New York's General Business Law as time-barred, observing that "Plaintiff's complaint establishes untimeliness because plaintiff's asserted injuries occurred more than three years ago." *Nachman v. Tesla, Inc.*, 2023 WL 6385772, at *3 (E.D.N.Y. Sept. 30, 2023). The Court then gave him an opportunity to "file a motion seeking leave to file an amended complaint to remedy the deficiencies identified in this order." *Id.* at *6.

Nachman argues only that this recent report "supports Plaintiff's allegations in paragraphs 26-27 o[f] the proposed Amended Complaint" and allegations that "the marketing is deceptive." ECF No. 31 at 1. But Nachman has not even attempted to claim that they are relevant to the time bar the Court identified in its September 2023 decision. Nor can he. In his motion, Nachman tried to argue that his proposed amendment cures the identified defects because "the reason for dismissal of the GBL claims was a failure to plead injury within the three years preceding the filing date of the action," and "[t]he proposed amendment … show[s] Plaintiff paid an additional $1,500 just five months before filing suit." ECF No. 26-1 at 4. None of the paragraphs Nachman identifies in his April 29 filing addresses his alleged purchase of the Infotainment Upgrade. In all events, those paragraphs remained substantially unchanged from the original Complaint, and Nachman has not explained how any of those allegations—which were already before the Court when it concluded that the statute of limitations bars these claims—bear on his motion.[1]

---

[1] Even were the Court to consider the report, despite these threshold failings, it is irrelevant because—among other things—it is not about the same technology as Nachman's suit. NHTSA's report is about Tesla's Autopilot system (*see* ECF No. 31-1 at 1, 5)—not the Full Self Driving Capability (FSDC) package that Nachman purchased,

2

Dated: May 7, 2024                                    Respectfully submitted,

                                                      /s/ Alan E. Schoenfeld
                                                      WILMER CUTLER PICKERING
                                                          HALE AND DORR LLP

                                                      Alan E. Schoenfeld
                                                      alan.schoenfeld@wilmerhale.com
                                                      7 World Trade Center
                                                      250 Greenwich Street
                                                      New York, NY 10007
                                                      Telephone: (212) 230-8800
                                                      Fax: (212) 230-8888

                                                      *Attorney for Defendants Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

---

*see, e.g.*, ECF No. 26-2 ¶ 99 ("Plaintiff viewed these claims through the website on the sales representative's computer before agreeing to pay for the additional FSD package."), ¶ 100 ("On information and belief, Plaintiff paid approximately $8,000 for the FSD package, above and beyond the standard costs for the Model S.").