UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MICHAEL NACHMAN,

                          Plaintiff,                    **MEMORANDUM AND ORDER**
                                                        22-CV-5976 (RPK)

              v.

TESLA, INC., TESLA LEASE TRUST,
and TESLA FINANCE LLC,

                          Defendants.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

   Plaintiff Michael Nachman seeks leave to file an amended complaint against defendants

Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC, alleging that their statements about the

automated driving capabilities of Tesla cars constituted deceptive or misleading practices in

violation of New York General Business Law Sections 349 and 350.  Because amendment would

be futile, leave to amend is denied.

## BACKGROUND

   Plaintiff filed a putative class action against defendants in 2022.  *See* Compl. (Dkt. #1).

After I granted defendants' motion to dismiss the complaint in 2023, plaintiff filed a timely motion

seeking leave to amend, with his proposed amended complaint attached as an exhibit.  *See* Pl.'s

Mot. to Amend (Dkt. #26-1); Proposed Am. Compl. (Dkt. #26-2).

### I.   Prior Proceedings

    Plaintiff's initial complaint asserted three causes of action arising from defendants' alleged

promise to deliver technology that would make Tesla cars capable of full self-driving.  *See*

*generally* Compl.  First, plaintiff brought a claim under Section 349 of New York's General

Business Law, *id.* ¶¶ 116–25, which provides a right of action to challenge "[d]eceptive acts or

practices in the conduct of any business, trade or commerce or in the furnishing of any service," N.Y. Gen. Bus. Law § 349(a). Second, plaintiff brought a claim under Section 350 of New York's General Business Law, Compl. ¶¶ 126–33, which provides a right of action to challenge "[f]alse advertising in the conduct of any business, trade, or commerce or in the furnishing of any service," N.Y. Gen. Bus. Law § 350. Third, plaintiff brought a claim for unjust enrichment, Compl. ¶¶ 134–37, arguing that defendants' "deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales" enriched them at the expense of plaintiff, *id.* ¶ 136.

In support of those claims, the initial complaint alleged that, in October 2016, defendants announced that customers would be able to purchase a "Full Self-Driving Capability" ("FSDC") package, providing them with access to "Tesla's soon-to-arrive full self-driving technology" when it became available. *Id.* ¶ 46.

In December 2016, plaintiff visited a Tesla dealership and met with a sales representative who helped him customize a car for purchase, using Tesla's website. *Id.* ¶ 90. The website advised that "[a]ll Tesla vehicles . . . have the hardware needed for [FSDC]," *id.* ¶ 93 and included a video appearing to show a Tesla driving without any human intervention, *id.* ¶ 91. The website also advertised the FSDC package as "enabling full self-driving in almost all circumstances," while noting that "[i]t is not possible to know exactly when each element of the functionality described above will be available." *Id.* ¶ 95. After viewing the website, plaintiff purchased the FSDC package, paying an additional $8,000 above the standard cost for a Tesla. *Id.* ¶ 100. But "[c]ontrary to Tesla's representations," plaintiff's Tesla was not capable of full self-driving. *Id.* ¶ 101.

Over the next few years, Elon Musk, the chief executive of Tesla, Inc., made public statements representing that Tesla cars would be capable of full self-driving within two years or less. *See* Compl. ¶¶ 8, 57, 70, 76, 84.

In October 2020, defendants increased the price of the FSDC package and informed some existing FSDC customers that their cars would require a $1,000 hardware upgrade to maintain compatibility with self-driving technology moving forward. *Id.* ¶ 64.

I granted defendants' motion to dismiss, holding that plaintiff's claims under the New York General Business Law were time-barred and that plaintiff had failed to state a claim for unjust enrichment. *Nachman v. Tesla, Inc.*, No. 22-CV-5976 (RPK) (ST), 2023 WL 6385772, at *3 (E.D.N.Y. Sept. 30, 2023). Claims under New York's General Business Law have a three-year statute of limitations that begins to run "when plaintiff has been injured by a deceptive act or practice." *Ibid.* (quoting *Gaidon v. Guardian Life Ins. Co.*, 750 N.E.2d 1078, 1083 (N.Y. 2001)). Plaintiff had alleged that he was injured when he "paid a premium for the [FSDC] features" in 2016—over three years before he filed his complaint in October 2022. *Ibid.* (quoting Compl. ¶ 123). Though plaintiff also alleged that defendants demanded additional money from some Tesla customers for hardware upgrades in October 2020, he had not alleged that he was among those customers. *Id.* at *4. Plaintiff had therefore failed to allege a timely injury. *Ibid.* Finally, an unjust enrichment claim was unavailable because it was duplicative of plaintiff's General Business Law claims. *Id.* at *4–5.

## II. The Proposed Amended Complaint

Plaintiff timely filed a motion for leave to amend his complaint, attaching a proposed amended complaint as an exhibit. The proposed amended complaint brings the same General Business Law claims as the initial complaint but omits the unjust enrichment claim. *See* Proposed Am. Compl. ¶¶ 117–34. It also includes the new allegation that plaintiff purchased an "Infotainment Upgrade" from defendants in May 2022. *Id.* ¶ 108. According to the proposed amended complaint, defendants represented that the Infotainment Upgrade "enhance[d] both the

entertainment and functionality of [plaintiff's] car," and included a "Driver Assistance" feature that "[e]nhanced [d]riving [v]isualization for owners with the [FSDC] [c]omputer." *Id.* ¶ 109.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), a party may seek to amend its pleadings by leave of the court.  "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Leave shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But leave is properly denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "The party opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y. 2013).

A proposed amendment is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).  A proposed amended complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating futility, courts apply the ordinary Rule 12(b)(6) standard, "accept[ing] all factual allegations in the [proposed amended] complaint as true and draw[ing] all reasonable

inferences in the plaintiff's favor." *Chung v. City Univ. of N.Y.*, 605 F. App'x 20, 21 (2d Cir. 2015) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

## DISCUSSION

Plaintiff's motion for leave to amend is denied because the proposed amended complaint fails to state a timely claim.

Although the statute of limitations is an affirmative defense, a complaint fails to state a claim if the allegations in the complaint "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Claims under Sections 349 and 350 of New York's General Business Law have a three-year statute of limitations that begins to run "when plaintiff has been injured by a deceptive act or practice." *Gaidon*, 750 N.E.2d at 1083. Like his initial complaint, plaintiff's proposed amended complaint alleges that plaintiff was injured because he paid a premium price for the FSDC package that he would not have paid but for defendants' deceptive marketing. *See* Proposed Am. Compl. ¶ 124. Because, however, plaintiff purchased the FSDC package in 2016—over three years before he filed his initial complaint—the three-year statute of limitations for Sections 349 or 350 claims based on that injury has expired.

While plaintiff proposes to amend his complaint to include the further allegation that he purchased an "Infotainment Upgrade" in May 2022, Proposed Am. Compl. ¶¶ 108–09, 124, 131, amendment to include this additional fact would be futile because plaintiff does not plausibly allege the elements of a General Business Law claim with respect to the purchase of this upgrade. To state a claim under Sections 349 and 350, a plaintiff must allege both "that the defendant engaged in . . . materially misleading" conduct and that "plaintiff suffered injury as a result of the allegedly deceptive act or practice." *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023) (citation omitted). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances."

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 171 N.E.3d 1192, 1198 (N.Y. 2021) (citation and quotation marks omitted). "What is objectively reasonable depends on the facts and context of the alleged misrepresentations." *Ibid.*

Here, plaintiff fails to allege that defendants' conduct related to the Infotainment Upgrade was materially misleading. The complaint alleges merely that defendants represented that the Infotainment Upgrade included a feature that "[e]nhanced [d]riving [v]isualization for owners with the [FSDC] [c]omputer." Proposed Am. Compl. ¶ 109. Aside from the conclusory statement that this representation "was misleading and deceptive," *id.* ¶ 124, the proposed amended complaint includes no facts supporting the inference that the representation was likely to mislead a reasonable consumer. The proposed amended complaint therefore fails to state a General Business Law claim arising from defendants' representations regarding the Infotainment Upgrade purchase. *See Iqbal*, 556 U.S. at 678; *see also, e.g.*, *Schinitsky v. Pac. Indem. Co.*, No. 22-CV-7509 (JPO), 2023 WL 6214880, at *3 (S.D.N.Y. Sept. 25, 2023) (holding that a complaint containing only conclusory assertions of materially misleading conduct failed to state a General Business Law claim); *Morales v. Kimberly-Clark Corp.*, No. 18-CV-7401 (NSR), 2020 WL 2766050, at *6 (S.D.N.Y. May 27, 2020) (same).

Moreover, while the proposed amended complaint continues to allege that defendants and their representatives made misleading statements regarding the future availability of self-driving technology from 2014 to 2022, *see, e.g.*, Proposed Am. Compl. ¶¶ 32, 37, 41, 57, it fails to allege that these earlier statements had any causal connection to plaintiff's purchase of the Infotainment Upgrade. *See generally* Proposed Am. Compl. This deficiency is fatal because a plaintiff asserting a General Business Law violation must allege that he "suffered injury as a result of the allegedly deceptive act or practice." *MacNaughton*, 67 F.4th at 96 (citation omitted); *see also, e.g.*, *Basso v. N.Y. Univ.*, No. 16-CV-7259 (VM), 2017 WL 1019505, at *5 (S.D.N.Y. Feb. 24, 2017) (holding

that the continuing violation doctrine did not apply to plaintiffs' General Business Law claims where plaintiffs failed to allege that they "continually relied upon" defendants' "renewed" deceptive acts). Accordingly, plaintiff has failed to allege that these assertedly misleading statements were the cause of any injury within the statute of limitations.

In sum, the proposed amended complaint fails to state any viable General Business Law claims. Plaintiff's motion for leave to amend is accordingly denied because amendment would be futile.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is denied. Because I have already dismissed plaintiff's complaint, the Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 6, 2024
Brooklyn, New York