MANDATE

24-2362
Nachman v. Tesla Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

PRESENT:
  SUSAN L. CARNEY,
  MICHAEL H. PARK,
  MARIA ARAÚJO KAHN,
    *Circuit Judges*.

_____

MICHAEL NACHMAN, individually and on behalf of a class of similarly situated persons,

  *Plaintiff-Appellant,*

    v.     No. 24-2362

TESLA, INC., TESLA LEASE TRUST, TESLA FINANCE LLC,

  *Defendants-Appellees.*

_____

MANDATE ISSUED ON 05/19/2025

| | |
|---|---|
| FOR APPELLANT: | GEORGE V. GRANADE, Reese LLP, Los Angeles, CA (Michael R. Reese, Reese LLP, New York, NY; Charles D. Moore, Reese LLP, Minneapolis, MN, *on the brief*). |
| FOR APPELLEES: | ARI HOLTZBLATT, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC (Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 7, 2024 judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Michael Nachman appeals from (1) the district court's dismissal of his claims against Defendants-Appellees Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla") under New York General Business Law ("GBL") §§ 349 and 350; and (2) the district court's subsequent order denying his motion for leave to amend his complaint. Nachman alleges that Tesla misled consumers about the capabilities of its advanced driver assistance systems ("ADAS") technology when he purchased his vehicle on December 31, 2016, and that Tesla CEO Elon Musk falsely represented that Tesla was then "on the cusp" of developing a fully self-driving

2

car. App'x 7 ¶ 1. Because of this and related deceptive advertising by Tesla, Nachman claims, he and other consumers paid a premium—in Nachman's case, $8,000 above the standard cost of his new vehicle—for Tesla's "Full Self-Driving Capability" ("FSD") package. In 2022, Nachman sued Tesla, asserting these claims.

The district court dismissed Nachman's complaint, holding that the claims were time-barred because Nachman did not file his complaint within three years of purchasing the vehicle, as required by the applicable New York statute of limitations. *See* N.Y. C.P.L.R. 214(2) (McKinney 2025). Nachman then moved for leave to amend his complaint to add allegations about an "Infotainment Upgrade" that he purchased for the vehicle on May 3, 2022. The district court denied his motion, concluding that the proposed amendment would not avoid the statute of limitations bar. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

I.      **Ruling on Motion to Dismiss**

This Court reviews *de novo* a district court's ruling on a motion to dismiss under Rule 12(b)(6). *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). "The lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The plaintiff is not required to "anticipate potential affirmative defenses, such as the statute of limitations,

and . . . affirmatively plead facts in avoidance of such defenses." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 154 (2d Cir. 2024) (internal quotation marks and citation omitted). A defendant may nevertheless "raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr*, 547 F.3d at 425. The court may dismiss the complaint before the defendant files its answer if it is "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Id.* (internal quotation marks, citation, and emphasis omitted).

   A. <u>The statute of limitations for GBL claims</u>

Claims under GBL §§ 349 and 350 are subject to a three-year statute of limitations period. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001) (applying N.Y. C.P.L.R. 214(2)). The period begins to run when the plaintiff "has been injured by a deceptive act or practice" that violates the statute. *Id.* In many deceptive advertising cases, the actionable injury is understood to occur at the time of purchase, when the plaintiff either chooses to buy the product based on the defendant's misrepresentations or pays a premium because of the defendant's misrepresentations. In at least some cases where the "alleged deception relate[s] to the likelihood of a future event," however, the New York Court of Appeals has ruled that the GBL claim accrues when the "'unrealistic expectations' that [the] defendants had raised [through their deception] 'were actually not met.'" *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (quoting *Gaidon*, 96

4

N.Y.2d at 211–12). In *Gaidon*, for instance, a life insurance company's marketing materials projected that consumers who bought its policies would pay premiums only for the first eight years after purchase. The New York Court of Appeals held that the consumers' GBL claims accrued when, after eight years had passed, they "were first called upon to pay additional premiums beyond the date by which they were led to believe that [premiums would cease]." *Gaidon*, 96 N.Y.2d at 211.

B. This case is distinguishable from *Gaidon*

Nachman asserts that here, as in *Gaidon*, Tesla deceived consumers about the likelihood of a future event: it represented that it would soon release software that would make its vehicles fully self-driving. Nachman therefore urges that, under *Gaidon*, his claims accrued when the "unrealistic expectations" that Tesla's marketing created "d[id] not come to be." Appellant's Br. 30.

Largely for the reasons articulated by the district court, we disagree. As pled in the complaint, Nachman's only injury occurred—and his claim therefore accrued—on the date he purchased the vehicle, December 31, 2016. Nachman's complaint alleges that he and other class members were "*injured inasmuch as they*, having viewed the Vehicles['] label, *paid a premium* for the ADAS and FSD features," and therefore "*paid more* than . . . the Vehicles the[y] bargained [for] and received w[ere] worth." App'x 47 ¶ 123 (emphases added); *id.* at 48 (same). Thus, the only "theory of injury" pled in the

5

complaint is that Nachman paid a premium at the time of purchase. *Nachman v. Tesla, Inc.*, No. 22-CV-5976 (RPK), 2023 WL 6385772, at *3 (E.D.N.Y. Sept. 30, 2023). Although Nachman's theory on appeal is that "the premium price becomes an injury" only when "Tesla failed to carry through with its promise to make the Vehicle in fact fully self-driving," Appellant's Br. at 38, his complaint does not allege that he was injured within the limitations period by Tesla's failure to deliver full self-driving capabilities. Nachman failed to allege any injury arising from Tesla's failure to meet his future expectations. This case is therefore distinct from *Gaidon*, in which the plaintiffs sought to recover the premiums they were unexpectedly required to pay starting eight years after they purchased their life insurance policies.

Accordingly, we agree with the district court that Nachman's claim is untimely. Nachman waited until October 5, 2022—almost six years after purchase—to file this action seeking to recover the premium he paid at purchase. It is plain from the face of the complaint, then, that he failed to timely file this lawsuit.[1]

## II.    Denial of Leave to Amend

Nachman also contends that the district court erred by denying his motion for leave to file an amended complaint. The district court concluded that his proposed

---

[1] The three-year statute of limitations for GBL §§ 349 and 350 claims may be equitably tolled under certain circumstances, but the district court determined that Nachman had abandoned any tolling argument, and Nachman does not contest this conclusion on appeal.

amended complaint did not remedy the statute of limitation defect identified in its order dismissing the case and that amendment would therefore be futile. *See Nachman v. Tesla, Inc.*, No. 22-CV-5976 (RPK), 2024 WL 3675902, at *3–4 (E.D.N.Y. Aug. 6, 2024). We review *de novo* a district court's denial of leave to amend on the futility ground. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

Nachman's proposed amended complaint included new allegations that on May 3, 2022—five months before he filed his original complaint—he paid $1,500 for an "Infotainment Upgrade" (the "Upgrade") to his vehicle. App'x 125 ¶¶ 108-09. Tesla advertised the Upgrade as providing a "more advanced and smoother user experience" on the vehicle's touchscreen and granting users access to "additional features that enhance both the entertainment and functionality of [their] vehicle." Dist Ct. Dkt. No. 28-1 at 2–3 (webpage describing Upgrade).[2] For instance, the Upgrade was touted as giving users access to entertainment features like "internet radio and music streaming," "graphics-intensive Tesla Arcade games," and "video streaming and access to YouTube, Netflix, Hulu and Twitch[.]" *Id.* at 3–4. Of its many new features, only one is relevant here: "Enhanced Driving Visualization for owners with the Full Self-Driving Capability Computer." *Id.* at 4; App'x 125 ¶ 109. Nachman claims that he and other Tesla owners "pa[id] for post-purchase upgrades for the ADAS," such as the Infotainment Upgrade,

---

[2] The quoted text is taken from the then-current Tesla webpage, which Nachman does not contest he incorporated by reference into his proposed amended complaint.

7

because Tesla misled consumers about the self-driving capacity of its vehicles between 2014 and 2022. App'x 127 ¶ 124.

But, as the district court determined, Nachman's proposed amended complaint failed to allege a causal link between Tesla's misrepresentations and any injury arising from Nachman's May 3, 2022 purchase of the Upgrade. To state a claim under GBL §§ 349 and 350, a plaintiff "must show that the defendant's 'material deceptive act' caused [his] injury." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000); *see also Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (explaining that the plaintiff must allege that he "suffered injury as a result of the allegedly deceptive act or practice," but that "[j]ustifiable reliance . . . is not an element of the statutory claim"). Nachman does not claim that Tesla's representations about the Upgrade itself were materially misleading: he does not say, for instance, that Tesla did not deliver the promised "[e]nhanced [d]riving [v]isualization for owners with the [FSD] Computer" after he purchased the Upgrade. App'x 125 ¶ 109. Nachman's allegations also do not support an inference that he chose to purchase the Upgrade because of Tesla's earlier misrepresentations about its timeline for developing fully autonomous vehicles.

Nor can we reasonably infer that the Upgrade was more expensive because of Tesla's misrepresentations. Indeed, from the very brief description of the Upgrade provided in the proposed amended complaint, it is unclear what the "Enhanced Driving Visualization" feature actually added to Nachman's vehicle, and what

8

relationship, if any, that feature had to Tesla's ADAS technology. In sum, Nachman's proposed new allegations do not support an inference that he was injured by purchasing the Upgrade. We therefore agree with the district court that amendment would be futile, because the proposed amended complaint did not allege an injury within the limitations period.

      \*   \*   \*

We have considered Nachman's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit